USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTEBAN CINTRON,

                Petitioner,

-v-

BRIAN FISHER, Superintendent of Sing Sing Correctional Facility,

                Respondent.

Case No. 07-CV-1058 (KMK)(PED)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

    Petitioner, Esteban Cintron ("Petitioner"), proceeding *pro se*, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Dkt. No. 2), challenging his conviction on February 26, 2002 in Orange County Court. Petitioner was convicted after a bench trial of one count of sodomy in the first degree, one count of sodomy in the third degree, one count of sexual abuse in the first degree, and one count of endangering the welfare of a child. Petitioner seeks habeas relief on two grounds: (1) the evidence presented at trial was insufficient to establish his guilt of first degree sodomy; and (2) the verdict was against the weight of the evidence. (Petition ¶ 13.) The case was referred to the Honorable Paul E. Davison. (Dkt. No. 13.) On March 9, 2011, Magistrate Judge Davison issued a thorough Report and Recommendation ("R&R") recommending that this Court dismiss the Petition in its entirety. (Dkt. No. 17.)

    Petitioner filed an objection to the R&R which merely repeated his barebones arguments initially made in support of his Petition and which only addressed Magistrate Judge Davison's recommendation that the Court reject Petitioner's first claim – that the evidence was insufficient to convict Petitioner of first degree sodomy. (Dkt. No. 22.) Petitioner did not object to

Magistrate Judge Davison's recommendation that this Court reject the second claim – that the verdict was against the weight of the evidence. Regardless, the Court has reviewed de novo Magistrate Judge Davison's R&R. *See* 28 U.S.C. § 636(b)(1); *see also Reed v. Brown*, No. 10-CV-3072, 2012 WL 34092, at *5 (S.D.N.Y. Jan. 6, 2012) (explaining that when a party files an objection to a report and recommendation, the district court reviews the portion(s) to which there has been objection de novo); *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (same).

As noted in the R&R, Petitioner's insufficiency claim was properly rejected by the Appellate Division on the independent and adequate state law ground that the claim was not preserved for appellate review. (R&R 16-19.) New York's contemporaneous objection rule, codified in New York Criminal Procedure Law § 470.05, provides that an issue will be unpreserved for appeal unless the appellant objected to that issue during trial. N.Y. Crim. Proc. Law § 470.05(2); *see also People v. Thomas*, 407 N.E.2d 430, 432 (N.Y. 1980) ("[P]oints which were not raised at trial may not be considered for the first time on appeal."). In order to comply with this rule, a defendant's trial motion to dismiss for insufficiency of the evidence must be "specifically directed" at the alleged error to be preserved for appellate review. *See People v. Cona*, 399 N.E.2d 1167, 1169 n.2 (N.Y. 1979); *see also People v. Gray*, 652 N.E.2d 919, 921 (N.Y. 1995) ("[E]ven where a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be 'specifically directed' at the alleged error . . . ."); *People v. Hawkins*, 900 N.E.2d 946, 950 (N.Y. 2008) ("To preserve for . . . review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged."). Here, Petitioner made a general motion to dismiss at the end of the trial and did not identify the precise

2

defect later raised on appeal; it was not "specifically directed" at the alleged error. Therefore, Petitioner's sufficiency of the evidence claim is procedurally barred from federal review because the Appellate Division's decision sufficiently rested on independent and adequate state law grounds.

Petitioner also has failed to demonstrate cause and prejudice, which would allow this Court to review his sufficiency of the evidence claim. In order to show cause, a petitioner must generally establish "that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that trial counsel "failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486. As the Supreme Court has noted, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . [there is] no inequity in requiring [the defendant] to bear the risk of attorney error that results in a procedural default." *Id.* at 488.

Magistrate Judge Davison correctly noted that Petitioner raised no claim here that his trial counsel was ineffective nor does he argue that an external factor impeded his trial counsel's ability to comply with the state's contemporaneous objection rule. (R&R 20.) Nor has Petitioner established prejudice. In order to show prejudice, a petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 153 (1982) (emphasis in original). Petitioner has failed to make any such showing.

Petitioner also cannot show a fundamental miscarriage of justice with respect to his procedurally barred sufficiency of the evidence claim. In rare cases, the principles of comity and

3

finality that form the basis of the cause and prejudice standard "must yield to the imperative of correcting a fundamentally unjust incarceration." *Engle v. Isaac*, 456 U.S. 107, 135 (1982). Thus, when a constitutional violation has likely resulted in the conviction of an innocent person a federal habeas court "may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. This occurs only in truly "extraordinary case[s]" since courts deem legitimate claims of actual innocence to be "extremely rare." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Here, Petitioner admitted to law enforcement officials that he did in fact "rub" against the victim when he got "hard" and that he ejaculated on the victim's buttocks. (Resp't's Mem. of Law & R. of Ex. 6-7 (Dkt. No. 10).) This admission alone speaks to the sufficiency of the evidence supporting the verdict (in addition to other incriminating evidence) as well as the unlikelihood of this being a "fundamentally unjust incarceration." This is not a truly exceptional case in which actual innocence is likely. Therefore, Petitioner has failed to show that a fundamental miscarriage of justice would result from not reaching the merits of his claim.

Finally, Petitioner's weight of the evidence claim is not cognizable on habeas review. This claim is "an error of state law, for which habeas review is not available." *Douglas v. Portuondo*, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002). A weight of the evidence claim is a state law claim under New York Criminal Procedure Law § 470.15(5), which allows New York appellate courts to make weight of the evidence determinations. *See Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006). In making his weight of the evidence claim, Petitioner fails to allege a federal claim as is required under 28 U.S.C. § 2254(a). For that reason alone, the Petitioner's weight of the evidence claim is not cognizable on habeas review. In addition to Petitioner's failure to state a federal claim, his specific argument — that the victim's "weak, inconsistent and incredible testimony combined with petitioner's acquittal on the other charges

4

in the case illustrates that the verdict was against the weight of the evidence" (Petition ¶ 13.) — is also not viable because "assessments of the weight of the evidence or the credibility of witnesses are for the [fact-finder] and not grounds for [review] on appeal." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996); *see also United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990) ("[T]he weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal."); *United States v. Shulman*, 624 F.2d 384, 388 (2d Cir. 1980) (noting that witness credibility is "exclusively the province of the jury"); *Garrett*, 438 F. Supp. 2d at 470 (noting that determinations of witness credibility are solely within "the province of the jury" and not reviewable on habeas). Therefore, Petitioner's weight of the evidence claim is not cognizable on federal habeas review.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated March 9, 2011, is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DENIED. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Respondent and close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:   White Plains, New York
         January 20, 2012

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE